UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DEUTSCHE BANK NATIONAL TRUST COMPAN, et al.,

Plaintiff(s),

v.

5333 SPICEBUSH ST TRUST, et al.,

Defendant(s).

Case No. 2:17-CV-1978 JCM (CWH)

ORDER

Presently before the court is defendant 5333 Spicebush St Trust's ("Spicebush") motion to dismiss. (ECF No. 9). Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed a response (ECF No. 12), to which Spicebush replied (ECF No. 16).

**I.  Facts**

This case involves a dispute over real property located at 5333 Spicebush Street, North Las Vegas, NV 89081 (the "property").

On June 14, 2006, Marilyn Demotta obtained a loan in the amount of $296,000.00 to purchase the property, which was secured by a deed of trust recorded on June 19, 2006. (ECF No. 1). The deed of trust was assigned to Deutsche Bank on April 16, 2010. *Id.*

On April 14, 2011, defendant Laurel Canyon Homeowners Association (the "HOA"), through its agent Alessi & Koenig LLC (the "HOA agent"), recorded a notice of delinquent assessment lien, stating an amount due of $976.00. (ECF No. 1). On July 19, 2011, the HOA, through the HOA agent, recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,022.00. *Id.*

On August 23, 2012, the HOA, through the HOA agent, recorded a notice of trustee's sale, stating an amount due of $2,746.00. (ECF No. 1).

On January 30, 2013, the HOA foreclosed on the property. (ECF No. 1). A trustee's deed upon sale in favor of Spicebush was recorded on February 19, 2013. *Id.* Spicebush purchased the property at the foreclosure sale for $18,100.00. *Id.*

On July 20, 2017, Deutsch Bank filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against Spicebush. (ECF No. 1).

In the instant motion, Spicebush moves to dismiss Deutsche Bank's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9).

**II.      Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Claims (2) through (4)

As an initial matter, the court dismisses, without prejudice, claims (2) through (4) of Deutsche Bank's complaint. (ECF No. 1).

Claims (2) and (3) will be dismissed, without prejudice, for Deutsche Bank's failure to mediate pursuant to NRS 38.310. *See, e.g.*, Nev. Rev. Stat. § 38.310(1); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013). Subsection (1) of NRS 38.310 provides, in relevant part, as follows:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat.

§ 38.310(2). A "civil action" includes any actions for monetary damages or equitable relief. *See* Nev. Rev. Stat. § 38.300(3).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Similarly, Deutsch Bank's breach of NRS 116.1113 claim alleges a NRS violation, which requires an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within the scope of NRS 38.310.

Deutsch Bank's complaint alleges that Deutsch Bank "constructively exhausted" any statutory requirements because it submitted a demand for mediation on January 13, 2017, but Nevada Real Estate Division ("NRED") failed to timely schedule the mediation. (ECF No. 1 at 3). The court disagrees.

While Deutsch Bank has submitted a request for mediation, the parties have not participated in mediation. Moreover, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time. Thus, Deutsch Bank has not exhausted its administrative remedies and must mediate certain claims prior to initiating an action in court.

Further, NRS 38.350 expressly tolls the statute of limitations applicable to Deutsch Bank's claims that are subject to mediation under NRS 38.310. Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time

the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350. Therefore, Deutsch Bank's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

Consequently, Deutsch Bank must first submit its claims for breach of NRS 116.1113 and wrongful foreclosure to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015).

Claim (4) is dismissed without prejudice because the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal– Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

Accordingly, claims (2) through (4) of Deutsch Bank's complaint are dismissed without prejudice.

### B. Claim (1) – Quiet Title/Declaratory Relief

Deutsch Bank's complaint alleges that it is the beneficiary of the first position deed of trust, which still encumbers the property and is superior to any interest held by Spicebush or the HOA. (ECF No. 1). Deutsch Bank asserts that (1) the notices were deficient, (2) Chapter 116 violates Deutsch Bank's procedural due process rights, (3) its servicer, Bank of America, N.A. ("BANA"), tendered the amount due prior to the foreclosure sale, (4) the sale was commercially unreasonable, and (5) Spicebush is not a bona fide purchaser. (ECF No. 1).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require

any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

The holder of a first deed of trust may pay off the superpriority interest to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien. *See SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also 7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et*

*al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

### 1. *Notices*

Deutsch Bank's complaint alleges that the foreclosure sale is invalid because the notices failed to identify the superpriority portion of the lien and failed to state that the deed of trust would be extinguished by the foreclosure sale. (ECF No. 1).

These allegations are insufficient to state a plausible claim for relief—*i.e.*, that Deutsch Banks' claim to the property is superior to Spicebush's claim. Deutsch Bank erroneously relies on the version of Chapter 116 that is currently in effect to support its assertion that the notices were defective. The 2015 Legislature substantially revised Chapter 116. *See* 2015 Nev. Stat., ch. 266. The current version of Chapter 116, however, is not controlling here. Rather, the version of Chapter 116 that applies is the version in effect at the time the events giving rise to this action occurred.

At the time the notices were recorded, the statute did not require the notices to identify the superpriority portion of the lien, but only the amount necessary to satisfy the lien. *See, e.g.*, Nev. Rev. Stat. § 116.311635(3) (*eff.* to Sept. 30, 2013) ("[T]he notice of sale . . . must include: (a) The amount necessary to satisfy the lien as of the date of the proposed sale."). The notice of delinquent assessment lien recorded April 14, 2011, stated an amount due of $976.00. (ECF No. 1). The notice of default recorded July 19, 2011, stated an amount due of $2,022.00. (ECF No. 1). The notice of sale recorded August 23, 2012, stated an amount due of $2,746.00. (ECF No. 1). To the extent that Deutsch Bank's complaint asserts due process violations based on these same alleged notice deficiencies, these assertions fail for the same aforementioned reasons. (ECF No. 1).

Deutsch Bank's complaint does not allege that it did not receive any of the recorded notices. Therefore, Deutsch Bank complaint has failed to sufficiently state a quiet title claim.

. . .

. . .

### *2. BANA's Rejected Tender*

Deutsch Bank asserts that the foreclosure sale did not extinguish the deed of trust because the HOA refused BANA's tender. (ECF No. 1).

On or about September 19, 2012, BANA, servicer of the senior deed of trust at that time, requested a ledger from the HOA, through the HOA agent, identifying the super-priority amount allegedly owed to the HOA. (ECF No. 1). The HOA refused to identify the super-priority amount and instead provided a ledger dated October 5, 2012, identifying the total amount allegedly due. *Id.* On October 29, 2012, BANA determined the superpriority portion to be $1,157.00 and tendered that amount to the HOA on October 29, 2012. *Id.*

However, the notice of trustee's sale recorded on August 23, 2012, prior to BANA's tender, stated an amount due of $2,746.00. (ECF No. 1). The amount BANA tendered was less than the amount due. Thus, the complaint fails to allege facts sufficient to support an inference that first deed of trust survived the foreclosure sale. *See SFR Investments*, 334 P.3d at 414–18 (noting that the deed of trust holder can pay the entire lien amount—so as to keep its interest from being extinguished upon foreclosure of a superpriority lien—and then sue for a refund).

### *3. Commercially unreasonable*

Deutsch Banks argues that the court should deny Spicebush's motion because the grossly inadequate foreclosure sale price for approximately 7% of the value of the unpaid principal balance on the senior deed of trust is grounds alone to set aside the sale. (ECF No. 12). Further, Deutsch Bank argues that the sale involved fraud, unfairness, or oppression. *Id.* However, Deutsch Bank overlooks the reality of the foreclosure process. The amount of the lien—not the fair market value of the property—is what typically sets the sales price.

Deutsch Bank argues that the *Shadow Wood* court adopted the restatement approach, quoting the opinion as holding that "[w]hile gross inadequacy cannot be precisely defined in terms of a specific percentage of fair market value, generally a court is warranted in invalidating a sale where the price is less than 20 percent of fair market value." (ECF No. 12, at 17) (emphasis omitted).

NRS 116.3116 codifies the Uniform Common Interest Ownership Act ("UCIOA") in Nevada. *See* Nev. Rev. Stat. § 116.001 ("This chapter may be cited as the Uniform Common-Interest Ownership Act"); *see also SFR Investments*, 334 P.3d at 410. Numerous courts have interpreted the UCIOA and NRS 116.3116 as imposing a commercial reasonableness standard on foreclosure of association liens.[1]

In *Shadow Wood*, the Nevada Supreme Court held that an HOA's foreclosure sale may be set aside under a court's equitable powers notwithstanding any recitals on the foreclosure deed where there is a "grossly inadequate" sales price and "fraud, unfairness, or oppression." 366 P.3d at 1110; *see also Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 184 F. Supp. 3d 853, 857–58 (D. Nev. 2016). In other words, "demonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression." *Id*. at 1112; *see also Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982) ("Mere inadequacy of price is not sufficient to justify setting aside a foreclosure sale, absent a showing of fraud, unfairness or oppression." (citing *Golden v. Tomiyasu*, 387 P.2d 989, 995 (Nev. 1963) (stating that, while a power-of-sale foreclosure may not be set aside for mere inadequacy of price, it may be if the price is grossly inadequate and there is "in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price" (internal quotation omitted)))).

Despite Deutsch Bank's assertion to the contrary, the *Shadow Wood* court did not adopt the restatement. In fact, nothing in *Shadow Wood* suggests that the Nevada Supreme Court's adopted, or had the intention to adopt, the restatement. *Compare Shadow Wood*, 366 P.3d at 1112–

---

[1] *See, e.g.*, *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 962 F. Supp. 2d 1222, 1229 (D. Nev. 2013) ("[T]he sale for $10,000 of a Property that was worth $176,000 in 2004, and which was probably worth somewhat more than half as much when sold at the foreclosure sale, raises serious doubts as to commercial reasonableness."); *SFR Investments*, 334 P.3d at 418 n.6 (noting bank's argument that purchase at association foreclosure sale was not commercially reasonable); *Thunder Props., Inc. v. Wood*, No. 3:14-cv-00068-RCJ-WGC, 2014 WL 6608836, at *2 (D. Nev. Nov. 19, 2014) (concluding that purchase price of "less than 2% of the amounts of the deed of trust" established commercial unreasonableness "almost conclusively"); *Rainbow Bend Homeowners Ass'n v. Wilder*, No. 3:13-cv-00007-RCJ-VPC, 2014 WL 132439, at *2 (D. Nev. Jan. 10, 2014) (deciding case on other grounds but noting that "the purchase of a residential property free and clear of all encumbrances for the price of delinquent HOA dues would raise grave doubts as to the commercial reasonableness of the sale under Nevada law"); *Will v. Mill Condo. Owners' Ass'n*, 848 A.2d 336, 340 (Vt. 2004) (discussing commercial reasonableness standard and concluding that "the UCIOA does provide for this additional layer of protection").

13 (citing the restatement as secondary authority to warrant use of the 20% threshold test for grossly inadequate sales price), *with St. James Village, Inc. v. Cunningham*, 210 P.3d 190, 213 (Nev. 2009) (explicitly adopting § 4.8 of the Restatement in specific circumstances); *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) ("[W]e adopt the rule set forth in the Restatement (Third) of Torts: Physical and Emotional Harm section 51."); *Cucinotta v. Deloitte & Touche, LLP*, 302 P.3d 1099, 1102 (Nev. 2013) (affirmatively adopting the Restatement (Second) of Torts section 592A). Because Nevada courts have not adopted the relevant section(s) of the restatement at issue here, the *Long* test, which requires a showing of fraud, unfairness, or oppression in addition to a grossly inadequate sale price to set aside a foreclosure sale, controls. *See* 639 P.2d at 530.

Nevada has not clearly defined what constitutes "unfairness" in determining commercial reasonableness. The few Nevada cases that have discussed commercial reasonableness state, "every aspect of the disposition, including the method, manner, time, place, and terms, must be commercially reasonable." *Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 920 (Nev. 1977). This includes "quality of the publicity, the price obtained at the auction, [and] the number of bidders in attendance." *Dennison v. Allen Grp. Leasing Corp.*, 871 P.2d 288, 291 (Nev. 1994) (citing *Savage Constr. v. Challenge–Cook*, 714 P.2d 573, 574 (Nev. 1986)).

Nevertheless, Deutsch Bank fails to set forth sufficient evidence to show fraud, unfairness, or oppression so as to justify setting aside the foreclosure sale. Deutsch Bank relies on its repeated assertion that merely offering to tender the superpriority amount is sufficient to show fraud, unfairness, or oppression. However, as the discussed in the previous section, the amount due on the date of BANA's tender on behalf of Deutsch Bank was set forth in the notice of default. Rather than tendering the noticed amount under protest so as to preserve its interest and then later seeking a refund of the difference in dispute, BANA chose to merely offer to tender the superiority amount.

Accordingly, Deutsch Bank's does not allege facts sufficient to support an inference that the foreclosure sale was commercially unreasonable and thus should be set aside. Deutsche Bank has failed to set forth evidence of fraud, unfairness, or oppression. *See, e.g.*, *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *2 n.2 (Nev. App. Apr.

17, 2017) ("Sale price alone, however, is never enough to demonstrate that the sale was commercially unreasonable; rather, the party challenging the sale must also make a showing of fraud, unfairness, or oppression that brought about the low sale price.").

### *4. Bona fide purchaser status*

Because the court has concluded that Deutsche Bank failed to allege sufficient facts on which the court could equitably invalidate the foreclosure sale, the court need not address Spicebush's purported status as a bona fide purchaser for value. *See, e.g.*, *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *3 n.3 (Nev. App. Apr. 17, 2017) (citing *Shadow Wood,* 366 P.3d at 1114).

## IV. Conclusion

In light of the foregoing, Deutsch Bank has failed to sufficiently state a quiet title claim against Spicebush. Based on the facts set forth in Deutsch Bank's complaint, the foreclosure sale extinguished the deed of trust. Thus, Deutsch Bank has failed to allege that its interest in the property is superior to that of Spicebush's interest.

Accordingly, Spicebush's motion to dismiss will be granted without prejudice as to Deutsch Bank's quiet title claim claims (2) through (4), consistent with the foregoing.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Spicebush's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED consistent with the forgoing.

IT IS FURTHER ORDERED that Deutsch Bank's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

The clerk is instructed to close the case.

DATED March 9, 2018.

_____
UNITED STATES DISTRICT JUDGE